UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DAVID WELFORD SHORT, JR.

VERSUS

HARVEY HARRIS, ET AL.

CIVIL ACTION

NO. 18-357-JWD-EWD

**<u>NOTICE AND ORDER</u>**

On or about February 28, 2018, plaintiff, David Welford Short Jr. ("Plaintiff") filed a Petition for Damages (the "Petition") in state court for damages allegedly sustained in an April 19, 2017 automobile accident.[1] Plaintiff named Harvey Harris ("Harris") and Celadon Trucking Services, Inc. ("Celadon") as defendants ("Defendants"). On March 29, 2018, Harris filed a Notice of Removal pursuant to 28 U.S.C. § 1332 based on the assertion that the amount in controversy exceeds $75,000, exclusive of interest and cost, and the parties are completely diverse.[2] Per the Notice of Removal, Harris alleges that Plaintiff is a domiciliary of Virginia, Harris is a domiciliary of Arkansas, and Celadon is "a foreign corporation incorporated under the laws of New Jersey, with its principal place of business in Indiana."[3]

On October 29, 2018, Plaintiff timely filed the instant Motion for Leave to Amend Original Complaint (the "Motion for Leave").[4] By his proposed First Supplemental and Amending Complaint, Plaintiff seeks to add Ace American Insurance Company ("Ace"), Hudson Insurance Company ("Hudson"), and Allied World Surplus Lines Insurance Company ("Allied") (collectively, the "Insurer Defendants") as defendants.[5]

---

[1] R. Doc. 1-6.

[2] R. Doc. 1.

[3] R. Doc. 1, ¶¶ II-IV.

[4] R. Doc. 12.

[5] The proposed pleading also includes additional allegations regarding Plaintiff's injuries.

1

The Scheduling Order in this case provides that:

> Any proposed amended pleading shall be comprehensive and include all relevant allegations as revised, supplemented or amended such that it will become the operative pleading without reference to any other document in the record. Any amendment sought under Fed.R.Civ.P. 15(a)(2) requires leave of court whether or not the opposing party consents even if filed before this deadline, however the movant shall advise whether the opposing party consents. See LR 7(e).[6]

Plaintiff's proposed First Supplemental and Amending Complaint is not comprehensive. Instead, the proposed pleading only includes the allegations which Plaintiff seeks to add. The Scheduling Order requires any proposed pleading to include *all* allegations as revised, supplemented or amended without reference to any other pleading. Additionally, Plaintiff has not stated whether Defendants consent to the filing of the First Supplemental and Amending Complaint.

Further, Plaintiff's proposed allegations regarding the Insurer Defendants are insufficient to allow the undersigned to determine whether the addition of these parties would destroy this Court's subject matter jurisdiction. As set forth above, this matter was removed to this Court based on diversity jurisdiction. The proposed First Supplemental and Amending Complaint does not allege the type of entity (corporation or unincorporated association) Ace, Hudson, or Allied is, nor does the proposed pleading allege the citizenship of each Insurer Defendant. If an Insurer Defendant is a corporation, Plaintiff must allege its state of incorporation as well as its principal place of business.[7] If an Insurer Defendant is a limited liability company or other unincorporated association, Plaintiff must identify each of the members of the unincorporated association and the

---

[6] R. Doc. 10, p. 1, n. 1.

[7] *See*, *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").

citizenship of each member in accordance with the requirements of § 1332(a) and (c).[8] The same requirement applies to any member of the limited liability company which is also a limited liability company.[9]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file a Motion to Substitute his proposed First Supplemental and Amended Complaint (R. Doc. 12-1) with a proposed pleading that is comprehensive and that adequately alleges the citizenship of Ace American Insurance Company, Hudson Insurance Company, and Allied World Surplus Lines Insurance Company.

**IT IS FURTHER ORDERED** that Plaintiff shall state in his Motion to Substitute whether the Defendants consent to the filing of the proposed amended pleading.

**IT IS FURTHER ORDERED** that Plaintiff shall file the Motion to Substitute, attaching his comprehensive First Supplemental and Amending Complaint with adequate citizenship allegations, within seven (7) days of this Notice and Order. No further leave of court is necessary to timely file the Motion to Substitute.

Signed in Baton Rouge, Louisiana, on October 30, 2018.

                                          **ERIN WILDER-DOOMES**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[8] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[9] *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).